## MARK MORITZ v. BENJAMIN K. PEEBLES.

Where A. and B., having mutually contributed capital, agreed that B. should proceed to California, and there conduct a mercantile or trading business for the joint benefit of the parties, it being stipulated that B. should prosecute no business for his private advantage; *held*, that B., having employed himself in mining for gold, was liable in equity to account to A. for the profits thereof.

B. having broken his agreement by engaging in a business for his private benefit, A. has a right of action to recover damages for the breach, or may assent to the act and claim the proceeds upon an accounting.

THE complaint in this action was in the nature of a bill in equity to obtain an accounting between partners. The action was founded upon a contract, which provided that the plaintiff should advance $225 in cash and goods, and the defendant a like sum in cash and implements of trade; that the defendant should proceed to California, and there conduct a mercantile or trading business with the joint capital, and any other kind of business which might be agreed upon between the parties. The defendant covenanted to use his best exertions for the business of the partnership, and that he would not engage in business for his private benefit.

It appeared that the defendant, having carried on some business upon the partnership account at San Francisco and at the mines, also engaged personally in the labor of mining. The leading question in the case was, whether the plaintiff was entitled to share in the proceeds of the personal work of the defendant at the mines.

The cause was referred to Hon. MURRAY HOFFMAN, as sole referee.

Various facts and circumstances, together with letters and oral declarations of the parties, were introduced. The testimony was extended and conflicting.

The referee reported, that the agreement extended to all the business dealings and transactions of the defendant in

California, whether at the mines or elsewhere. The report set forth at length the facts found by the referee and his conclusions of law.

A motion to confirm the report was heard before INGRAHAM, FIRST J., and resulted in an order to account, but the accounting was directed to be confined to all business other than the personal labor of the defendant in mining.

The plaintiff appealed to the general term from the restriction contained in the order.

*George* and *S. B. H. Judah*, for the plaintiff, cited *Somerville* v. *Mackey*, 16 Ves. 382, 387, 389; *Norris* v. *Coleman*, 18 Ves. 438; *Coates* v. *Coates*, 1 Wadd. & Geld. 287; *Bousanquet* v. *Wray*, 6 Taunt. 597; *Cooper* v. *Watson*, 3 Doug. 413; 7 Jarn. on Con. 98; Coll. on Part. 249, 184 and 221, ed. 1848; 1 Johns. Ch. 305; 1 Story Eq. Juris. § 667; 2 Kime's Comp. 336; *Calwell* v. *Leeber*, 7 Paige, 483; 2 Kime's Comp. 404, and cases there cited.

*Lewis B. Reed, Junior*, and *James R. Whiting*, for the defendant.

DALY, J.—An agreement to enter into and share the profits of " a mercantile and trading business" is, undoubtedly, something very different from the fruits or gains to be derived from manual labor in mining. But provision was made in this agreement for " any other kind of business" in California, which might mutually be agreed upon between the parties and the defendant bound himself to engage in no business for his private benefit, profit or advantage. Leaving out of view altogether the evidence of the declarations or intentions of the parties before executing the agreement, which was improperly received by the referee, and disregarding, also, declarations alleged to have been made by them after the execution of the agreement, I think sufficient appears from the agreement itself, and the defendant's letters, to show that it was understood between the parties that the

Moritz *v.* Peebles.

plaintiff had a joint interest in the gains or profits derived by Peebles from labor in the mines.

[The opinion proceeds to discuss the evidence, and then continues as follows :]

The testimony, in respect to the oral declarations of the parties, introduced for the purpose of showing that the plaintiff was not to share in the gains derived from the defendant's labor in gold digging, or that he was, is conflicting. As a general rule, such testimony, from the ease with which it can be fabricated, is regarded with great suspicion, and deemed the least reliable kind of evidence. In this case, the letters of the plaintiff are far more satisfactory as explanatory of the true state of facts; and I think, after carefully examining, that it will appear that the referee was right in concluding that an understanding subsisted between the parties, that the plaintiff was to have a joint interest in whatever profits might be derived from the employment of the time and labor of the defendant in gold digging. He had agreed to engage in no business for his private benefit or advantage, and it strikes me as entirely inconsistent with such a condition to suppose that an understanding existed that the defendant was at liberty to employ his time in gold digging for his own private profit, giving attention only to trading or other pursuits, in which the plaintiff had a joint interest, whenever he found gold digging unadvisable or unprofitable.

It is suggested, that if he has broken his agreement by engaging in a business for his private benefit, the plaintiff's remedy is an action for damages for the breach of the contract. But it is a rule in equity, that if one partner has made profits, by engaging in any other business, in violation of his contract, in an action like this, brought to compel an accounting, the profits would be decreed to belong to the partnership. (*Somerville* v. *Mackay*, 16 Ves. 382; Story Eq. Jur. § 667.) The remedy in equity in such a case is more full and complete than an action for damages could possibly be, and there is no reason why the plaintiff should

be turned over to such an action, when substantial justice can be done in the present one.

But whether the view taken of this case by the referee be the correct one, it is proper, at least, tnat the defendant should account, as well for his labor in the mines as for the little trading that he carried on. Both were so connected together that an account of the whole is essential before a final determination is made of the case; and in that view, I think, the order restricting the accounting was wrong.

The contract, as I understand it from the written agreement and the defendant's letters, may have been, and appears to have been, a very unequal one for him. But with that we have nothing to do. It is our duty to determine upon the evidence before us what the contract was, irrespective of its effect upon either of the parties.

WOODRUFF, J.—I think the order should be reversed upon the ground, that even assuming that the original agreement did not contemplate an enterprise in digging for gold, yet the defendant having covenanted to engage in no business for his separate private benefit, the plaintiff has a right in equity to adopt the business in which the plaintiff does engage, as having been for the joint benefit; and the defendant cannot set up his own breach of contract as a reason for not accounting for the profits. Assuming that the defendant broke his contract by engaging in mining, the plaintiff had his option to sue for damages, or to assent to the act of the defendant, and claim its proceeds.

Besides, the agreement does provide for any business which might be mutually agreed upon; and, as matter of fact, I think the assent of both to the mining operations may well be inferred from the correspondence and the acquiescence of the plaintiff in the defendant's employing himself in that manner.

Order for an accounting modified accordingly, and the defendant required to account for the proceeds of mining, as well as for all business transacted by him.